## BARNETT *v.* STATE.

Opinion delivered July 4, 1921.

1. JUSTICES OF THE PEACE—NUMBER TO BE ELECTED—Crawford & Moses' Dig., § 6389, prescribing that, in ascertaining the number of justices of the peace to be voted for and commissioned, the number of votes cast in the general election next preceding shall be taken as conclusive of the number of electors in such township, is constitutional.

2. OFFICES—VACANCY—RIGHT TO FILL.—Since, under Const. 1874, art. 19, § 5, officers continue in office until their successors are elected and qualified, if there is a failure to elect justices of the peace at a general election, those holding the office continue therein.

Appeal from Hot Spring Circuit Court; *W. H. Evans,* Judge; affirmed.

*Oscar Barnett,* for appellant.

*J. S. Utley,* Attorney General, *Elbert Godwin,* Assistant Attorney General, and *W. T. Hammock,* Assistant Attorney General, for appellee.

SMITH, J. This is a proceeding in the nature of a quo warranto proceeding to try the title of the appellant, Horatio Barnett, to the office of justice of the peace of Fenter Township, in Hot Spring County, this State.

The facts are undisputed and are as follows: At the general election in 1918, 245 votes were cast in Fen-

ter Township.  At the 1920 election the ballot contained the direction to the electors to "vote for three" justices of the peace, instead of the proper direction to "vote for two" justices of the peace.  At the time of the 1920 election four persons held commissions and were acting as justices of the peace for Fenter Township.

Appellant Barnett testified that he and other electors supposed four justices of the peace were to be elected, but that after the election had been held he discovered the fact to be that authority existed for the election of only two justices of the peace.  He thereupon applied to and received from the Governor of the State a commission to fill a vacancy existing in the office of justice of the peace for Fenter Township.  He testified that the showing was made to the Governor—and such is the undisputed fact—that 1180 electors had voted at the 1920 election, and that there were 1326 qualified electors in that township.  The commission of the Governor recites that "it appears that a vacancy exists in the office of justice of the peace in Fenter Township, in the county of Hot Spring, State of Arkansas, caused by ————," and bears the date November 13, 1920.  After receiving the commission, respondent took the oath of office November 15, 1920.  The insistence of respondent is that, inasmuch as the electors undertook to elect three justices of the peace, when authority for the election of only two existed, no one was elected, and that there was, therefore, a vacancy for the Governor to fill, and the vacancy was filled by the appointment of respondent.

It is also insisted that, inasmuch as the record of poll taxes paid shows that there were 1326 qualified electors in Fenter Township, the electors of that township were entitled to the services of six justices of the peace, and, as that number was not elected, there was a vacancy in office, which was properly filled by the appointment of respondent.

Respondent's authority to serve as a justice of the peace cannot be sustained upon either theory. It is provided that the electors of every township shall elect one justice of the peace for every 200 electors, provided each township, however small, shall have two justices of the peace. Section 6388, Crawford & Moses' Digest.

· It is provided in section 6389, Crawford & Moses' Digest that "in ascertaining the number of justices of the peace to be voted for and commissioned, the number of votes cast in the general election next preceding shall be taken as conclusive of the number of electors in such township." This act was held constitutional in the case of *Alford* v. *State,* 69 Ark. 436.

There was authority to elect two justices of the peace, and only two. Each elector had the right to vote for that number, and for no more. This election appears not to have been contested, and we cannot here decide what its result was. Persons were in office when it was held, and under the Constitution these officers continued in office until their successors were elected and qualified. Section 5, art. 19, of the Constitution. So that in no event was there a vacancy to be filled by the Governor's appointment.

The showing that 1180 electors voted at the 1920 election is unimportant, as is also the showing that there were 1326 electors who were qualified to vote. Neither of these facts can be considered in determining the number of justices of the peace to elect. The proper basis was the vote at the 1918 election. Section 6389, Crawford & Moses' Digest.

The court below found there was no vacancy in the office of justice of the peace, quashed respondent's commission and enjoined him from exercising the functions of justice of the peace. This judgment was correct, and is affirmed.